IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-00688-RM

D.R.S.,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

---

# ORDER

---

Before the Court is Plaintiff's Motion to Alter or Amend (ECF No. 13), seeking review under Fed. R. Civ. P. 59(e) of the Court's November 18, 2022, Order (ECF No. 11), which affirmed the Commissioner's decision to deny her applications for social security income and disability insurance benefits. The Motion has been fully briefed (ECF Nos. 14, 15) and is denied for the reasons below.

**I.**      **LEGAL STANDARD**

Grounds for granting relief under Fed. R. Civ. P. 59(e) include (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted). Where a party

seeks to submit additional evidence pursuant to Fed. R. Civ. P. 59(e), it must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012).

## II.   BACKGROUND

Plaintiff's applications were denied initially on November 14, 2019, and, after a hearing before the administrative law judge ("ALJ"), again on June 2, 2021. This Court affirmed the Commissioner's decision in its November 18, 2022, Order. As noted in the Order, the ALJ applied the five-step process for evaluating disability claims. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). A fuller description of the ALJ's analysis is provided in the Order and in the ALJ's written decision. (ECF Nos. 5-2 at 16-32; 11 at 1-2.) As pertinent here, Plaintiff alleges that the ALJ erred at step four, when he determined that Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as a cashier as the job is generally performed.

## III.   DISCUSSION

In her Motion, Plaintiff does not identify a change in the law or any new evidence; thus, the Court understands that she is arguing the November 2022 Order must be amended to correct clear error or prevent manifest injustice. The Court is not persuaded.

Plaintiff's Motion is premised on the ALJ's failure to classify Plaintiff's previous work at the Burlington Coat Factory as a "composite job" instead of as a "cashier, courtesy booth." However, at no time during her hearing before the ALJ, where she was represented by counsel, did she raise the issue of whether this job or any of her other work experiences should be deemed

2

"composite jobs."  *Cf. Lyda v. Colvin*, 221 F. Supp. 3d 1254, 1259 (D. Colo. 2016) (finding that "plaintiff's description of his job and the vocational expert's assessment thereof clearly raised the possibility that plaintiff's past relevant work was a composite job," and therefore the magistrate judge erred by failing to acknowledge or discuss the issue).  At step four of the evaluation process, the claimant bears the burden of establishing that she is unable to do her past relevant work—both as she actually performed it and as it is generally performed in the national economy.  *See Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *Andrade v. Sec'y of Health & Human Svcs.*, 985 F.2d 1045, 1051 (10th Cir. 1993).

Instead, Plaintiff relies primarily on a work history report she filled out in which she described what she did in that job, stating that she carried cash drawers and clothes, helped move racks, set up registers, helped customers, and put away clothes.  (*See* ECF No. 5-6 at 27.)  She also stated that she stooped for four to five hours and crouched for five to six hours each day.  (*Id.*)  And she indicated in the report that the heaviest weight she lifted was fifty pounds, while she frequently lifted less than ten pounds.  (*Id.*)

However, Plaintiff has not shown that these attributes of the job necessarily rendered it a "composite job."  *See Lyda*, 221 F. Supp. 3d at 1258 (explaining that composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the Dictionary of Occupational Titles).  She did not object to the vocational expert's classification of her position as that of a "cashier" at the hearing.  Nor has she explained why that characterization injected error into this case.  More fundamentally, she has failed to explain at any stage of these proceedings how the ALJ's determination that she had the RFC to perform light work with

3

specified limitations precludes her ability to perform the job of "cashier" as it is generally performed in the national economy.

Under the circumstances, the Court discerns no clear error or manifest injustice with respect to the November 2022 Order.

**IV.     CONCLUSION**

Accordingly, the Motion (ECF No. 13) is DENIED.

DATED this 21st day of September, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge